UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                              :
CLARENCE ELKINS, ET AL.,                      :        CASE NO. 5:06-CV-3004
                                              :
            Plaintiffs,                       :
                                              :
      vs.                                     :        OPINION & ORDER
                                              :        [Resolving Doc. No. 20]
SUMMIT COUNTY, OHIO, ET AL.,                  :
                                              :
            Defendants.                       :
                                              :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        The Defendants file a motion for judgment on the pleadings.   [Doc. 20.] With the motion,

the Defendants City of Barberton, City of Barberton Police Department, Chief of Police Michael

Kallai, Sgt. Maurer, Officer Danton Adair, Detective M. Hudak, Detective J.L. Flaker, Detective B.

Davis, Lt. Greg Macko, Sgt. Don Adamson, Detective Jim Weese, and Detective Bruce Berlin

(collectively, "the Barberton Defendants") say they are entitled to judgment.   The Plaintiffs,

Clarence Elkins, Sr. ("Elkins") and his sons, Brandon and Clarence, Jr., oppose the Barberton

Defendants' motion for judgment on the pleadings. [Doc. 38.]  For the following reasons, this Court

**GRANTS IN PART** and **DENIES IN PART** the Barberton Defendants' motion for judgment on

the pleadings.


                              **I. Background**

        On December 18, 2006, the Plaintiffs filed this case against the Barberton Defendants, as

Case No. 5:06-CV-3004
Gwin, J.

well as against the County of Summit and various Summit County employees (collectively, the

"County Defendants").  The Plaintiffs allege numerous violations of federal and state law relating

to Plaintiff's wrongful arrest, conviction, and imprisonment. [Doc. 1.] The Plaintiffs amended their

complaint on August 17, 2007 and added Melinda Elkins and Anne Silagy, the Chapter 7 bankruptcy

trustee for the bankruptcy estates of Melinda and Clarence Elkins Jr., as additional Plaintiffs.[1/] [Doc.

39.]

In the amended complaint, the Plaintiffs raise several claims against the Barberton

Defendants: (1) a 42 U.S.C. § 1983 claim for violation of Plaintiff Elkins' due process rights; (2)

a false imprisonment claim; (3) a malicious prosecution claim; (4) an abuse of process claim; (5) a

claim based on defamation and/or slander; (6) an invasion of privacy claim; (7) a negligent

supervision and retention claim; (8) a loss of consortium claim brought by Plaintiff's two sons and

ex-wife; (9) an intentional infliction of emotional distress tort claim; (10) a failure to intervene

claim; and (11) a claim brought under a respondeat superior theory of liability.  *Id.*   On September

4, 2007, the Barberton Defendants filed an answer to the amended complaint. [Doc. 78.]

On July 17, 2007, the Barberton Defendants filed the present motion for judgment on the

pleadings. [Doc. 20.]  With the motion, the Barberton Defendants argue that they should be

dismissed from the case because of insufficiency of service of process, that Plaintiff Clarence Elkins

Jr.'s claims are barred by his bankruptcy filing, and that the Barberton Police Department is not an

entity capable of being sued.  *Id.*  The Plaintiffs opposed the motion on August 17, 2007 and the

---

[1/] The Plaintiffs also filed a second amended complaint on August 21, 2007. [Doc. 60.] The Court, however, had already set the deadline for amendment of pleadings for August 17, 2007. [Doc. 24.] The Plaintiffs' second amended complaint was not filed with leave of the Court, and therefore, this Court only considers the first amended complaint to be properly filed.

Case No. 5:06-CV-3004
Gwin, J.

Barberton Defendants filed a reply in support of their motion on September 4, 2007. [Docs. 38, 79.]

## II.  Legal Standard

The Court evaluates a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure in the same manner as a motion to dismiss for failure to state a claim upon which relief can be granted.  *See Jackson v. Heh,* 2000 WL 761807, at *3 (6th Cir. June 2, 2000) ("The standard for review of entry of judgment on the pleadings under Rule 12(c) is indistinguishable from the standard of review for dismissals for failure to state a claim under Rule 12(b)(6) . . .").  A district court must primarily consider the allegations in the complaint in evaluating a motion for judgment on the pleadings.  However, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account."  *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.1997) (citation omitted).  Further, the Court need not accept as true legal conclusions or unwarranted factual inferences.  *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).

Construing the complaint in the light most favorable to the plaintiffs, the district court must consider whether the plaintiffs "undoubtedly can prove no set of facts in support of [their] claims that would entitle [them to] relief."  *Mixon v. Ohio,* 193 F.3d 389, 399–400 (6th Cir. 1999).  Under the liberal federal system of notice pleading, the complaint need only contain sufficient facts to put the defendant on notice of the basis of the claim.  *See EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001).  In order to survive a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff must present sufficient factual allegations "to raise a right to relief above the speculative level," on the assumption that the allegations in the complaint are true.

Case No. 5:06-CV-3004
Gwin, J.

*Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).

### III. Discussion

*A. Sufficiency of Service of Process*

Service of process is required before a district court may exercise personal jurisdiction over the parties to a case. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999). Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a complaint for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5).  Rule 4 establishes the requirements for sufficiency of process. Fed. R. Civ. P. 4.  This rule provides that it is the plaintiff's responsibility to serve defendants with the summons and a copy of the complaint. *Id.*  Rule 4(e)(1) says that service may be effected  pursuant to the law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1).  In Ohio, service of process may be made by certified or express mail "[e]videnced by return receipt signed by any person." Ohio R. Civ. P. 4.1(A). Rule 4(m) of the Federal Rules of Civil Procedure sets forth a 120-day time limitation for perfecting service. Fed. R. Civ. P. 4(m). The typical remedy for failure to properly effect service of process is dismissal without prejudice. *See Dividock v. KCAD-FSU,* 2005 WL 2090895, at *1 (W.D. Mich. 2005).

In their motion for judgment on the pleadings, the Barberton Defendants assert that the Plaintiffs' attempted service of process was insufficient because 1) the complaint and summons were mailed to the individual defendants' place of employment, not their personal residences, and 2) the certified mail receipts were signed by persons other than the defendants.

Contrary to the Defendants' assertion, Ohio does not require that service of process by certified mail be sent to individual defendants' residences.  The Supreme Court of Ohio has held:

-4-

Case No. 5:06-CV-3004
Gwin, J.

> [S]o long as service is "reasonably calculated" to reach interested parties, then the
> service is constitutionally sound. Accordingly, it is not necessary that service be
> attempted through the most likely means of success-ordinarily residence service; it
> is sufficient that the method adopted be "reasonably calculated" to reach its intended
> recipient. We believe therefore that certified mail service sent to a business address
> can comport with due process if the circumstances are such that successful
> notification could be reasonably anticipated.

*Akron-Canton Regional Airport Authority v. Swinehart,* 406 N.E.2d 811, 814 (Ohio 1980).  In

evaluating the sufficiency of service of process for a defendant at a business location, a principal

consideration is that "the party being served must have such a habitual, continuous or highly

continual and repeated physical presence at the business address that the party ordering the service

of process would have reasonable grounds to calculate that the service would promptly reach the

party being served."  *Bell v. Midwestern Educational Serv., Inc.,* 624 N.E.2d 196, 202 (Ohio Ct.

App. 1993).

        In Ohio, service of process by certified mail may be obtained upon an individual defendant,

even if someone other than the defendant signs the certified mail receipt.  *Castellano v. Kosydar,*

326 N.E.2d 686, 689 (Ohio 1975) (holding that service by certified mail in Ohio no longer must be

delivered to and signed by the defendant only).  *See also In re Estate of Riley,* 847 N.E.2d 22, 27

(Ohio Ct. App. 2006); *Clark v. Marc Glassman, Inc.,* 2003 WL 22053446, at *3-4 (Ohio Ct. App.

2003).  In evaluating service of process under state and federal rules, the main issue must be whether

the service comports with due process.  The U.S. Supreme Court has established that an "elementary

and fundamental requirement of due process in any proceeding which is to be accorded finality is

notice reasonably calculated, under all the circumstances, to apprise interested parties of the

pendency of the action and afford them an opportunity to present their objections." *Mullane v.*

*Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

Case No. 5:06-CV-3004
Gwin, J.

In this case, the Court finds that the Plaintiffs' service of process by certified mail upon Defendants City of Barberton, Kallai, Maurer, Adair, Hudak, Davis, and Adamson was constitutionally sound.  The City of Barberton was served by certified mail at the Mayor's Office and the certified mail receipt appears to bear the signature of the City's law director, Jon Lynsenkow. [Doc. 72.] Ohio law allows a municipal corporation to be served by delivering the summons and complaint to "the city solicitor or comparable legal officer."  Ohio R. Civ. P. 4.2(M).

The record also indicates that Defendants Adamson, Adair, Kallai, Hudak, Maurer, and Davis were served by certified mail at the Barberton Police Department, where another individual signed the certified mail receipts. [Docs. 67, 68, 69, 70, 73, 74.] These defendants are police officers currently employed by the City of Barberton and presumably are regularly present at the Barberton Police Department.  It was reasonable for the Plaintiffs to conclude that these defendants would be apprised of the pendency of this current lawsuit through such service of process.  This Court finds, therefore, that service of process by certified mail upon these defendants at their regular place of work, the Barberton Police Department, comports with due process and state civil procedure requirements. Thus, the Court finds that it possesses personal jurisdiction over these Defendants.

The Court finds, however, that the Plaintiffs' attempts at service were insufficient for Defendants Flaker, Macko, Weese, and Berlin. The record indicates that these defendants are no longer employed at the Barberton Police Department and thus would not be regularly present at that location. [Doc. 20-3.]  The Plaintiffs' attempted certified mail service upon Defendants Macko and Berlin at the Police Department is not reasonably calculated to inform them of this action.  Further, the Plaintiffs have not obtained executed returns of service for Defendants Flaker and Weese. The Court therefore dismisses without prejudice Defendants Berlin, Flaker, Macko, and Weese.

Case No. 5:06-CV-3004
Gwin, J.

### B. Plaintiff Clarence Elkins, Jr.'s Claims

The Barberton Defendants also assert that Plaintiff Clarence Elkins Jr. should be judicially estopped from asserting his claims in this matter because he did not list them as assets in his Chapter 7 bankruptcy petition.  In response, the Plaintiffs argue that Plaintiff Elkins Jr. was not required to disclose his present claims because he filed for bankruptcy prior to the filing of this present case.  In the alternative, the Plaintiffs have amended their complaint to add Plaintiff Elkins Jr.'s bankruptcy trustee as a party to pursue the claims on his behalf.

On October 16, 2005, Plaintiff Elkins Jr. filed a voluntary Chapter 7 bankruptcy petition that stated he had no unliquidated or contingent claims. [Doc. 20-4.]  The indictment against his father, Plaintiff Clarence Elkins Sr., was dismissed on December 15, 2005.  On March 30, 2006, the bankruptcy court issued its final decree and Plaintiff Elkins Jr. obtained a discharge without any modification to his previous application.  *Id.*  Plaintiff Elkins Jr. did not list his pending claims in this lawsuit on his bankruptcy petition or revise the application prior to the closing of the bankruptcy case. [Doc. 20-5.]

Section 521 of the Bankruptcy Code requires debtors to file "a schedule of assets and liabilities." 11 U.S.C. § 521. The Sixth Circuit has said that it is "well-settled that a cause of action is an asset that must be scheduled under § 521(1). . . Moreover, '[t]he duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action.'"  *Lewis v. Weyerhaeuser Co.,* 141 F.App'x 420, 424 (6th 2005) (citing *In re Coastal Plains, Inc.,* 179 F.3d 197, 208 (5th Cir.1999)).  Judicial estoppel may bar claims are not disclosed to the bankruptcy court. *Eubanks v. CBSK Financial Group, Inc.,* 385 F.3d 894, 898 (6th Cir. 2004).  The Ninth Circuit has concluded:

-7-

Case No. 5:06-CV-3004
Gwin, J.

> Judicial estoppel will be imposed when the debtor has knowledge of enough facts to
> know that a potential cause of action exists during the pendency of the bankruptcy,
> but fails to amend his schedules or disclosure statements to identify the cause of
> action as a contingent asset. . . The debtor's duty to disclose potential claims as
> assets does not end when the debtor files schedules, but instead continues for the
> duration of the bankruptcy proceeding.

*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784-85 (9th Cir. 2001.).

The "doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (internal quotation omitted).  The Sixth Circuit, however, has noted that "when a debtor's omission might be inadvertent - such as where a debtor lacks the knowledge of the factual basis of the undisclosed claim or where the debtor has no motive for concealment - finding Plaintiffs' actions as cause for judicial estoppel would be . . . inappropriate." *Eubank*, 385 F.3d. at 898.

Plaintiff Elkins Jr. asserts four tort claims in the amended complaint: 1) defamation and/or slander, 2) invasion of privacy, 3) loss of consortium, and 4) intentional infliction of emotional distress. [Doc. 39.]  The Court agrees with the Plaintiffs that Elkins Jr. was not required to disclose his pending claims in this lawsuit when he filed for Chapter 7 bankruptcy on October 16, 2005 because he lacked the factual basis for his undisclosed claims.  Plaintiff Elkins Jr. had no indication that his father would be released from prison and declared a wrongfully imprisoned man at that time.  The tort claims of Plaintiff Elkins Jr., however, became ripe upon his father's release and public declaration as a wrongfully imprisoned man on December 15, 2005.  Plaintiff Elkins Jr.'s bankruptcy petition was still pending at that point and he had a duty to disclose his current claims

Case No. 5:06-CV-3004
Gwin, J.

to the bankruptcy court, particularly in light of the fact that the tortious injuries allegedly suffered by Plaintiff Elkins Jr. predominantly arose in the pre-petition period when his father was wrongfully arrested, convicted, and incarcerated.  Plaintiff Elkins Jr. thus was fully aware of the factual basis for his tort claims several months before the bankruptcy court discharged his debts on March 6, 2006 and closed the case on March 30, 2006.  This Court finds that Plaintiff Elkins Jr. was required to disclose his tort claims during the pendency of the bankruptcy proceeding, and his failure to do so results in the judicial estoppel of his present claims.

Further, the Plaintiffs have not established that this failure to disclose Plaintiff Elkins Jr.'s present claims was inadvertant.  Plaintiff Elkins Jr.'s recent affirmative steps to notify the bankruptcy court of his claims are too late to cure his previous omissions.  As another court in the Sixth Circuit recently held:

> The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets.

*Tyler v. Federal Express Corp.*, 420 F.Supp.2d 849, 859 (W.D.Tenn.2005)(quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir.2002)), *aff'd*, 206 Fed.Appx. 500, 501 (6th Cir. 2006).

While this Court finds that Plaintiff Elkins Jr. is judicially estopped from raising claims in this lawsuit, the Court concludes that his bankruptcy trustee, Anne Silagy ("Trustee"), may pursue those claims on behalf of the bankruptcy estate.  Upon his Trustee's motion, Plaintiff Elkins Jr.'s bankruptcy case was reopened on January 30, 2007 to administer previously undisclosed assets.  On August 24, 2007, the Trustee filed an initial report listing the pending civil rights case as an

Case No. 5:06-CV-3004
Gwin, J.

unscheduled asset and sought to notify creditors.  Even though the claims did not exist at the commencement of the bankruptcy proceeding, the Trustee lists the claims as assets of the debtor's estate.  Further, the Barberton Defendants themselves refer to the claims as part of the bankruptcy estate.  [Doc. 79 at 2-4.]

Any cause of action that is considered property of the estate in a Chapter 7 bankruptcy proceeding may only be prosecuted on behalf of the estate by the trustee.  *See Harvey v. Lowe's Home Centers, Inc., 2006 WL 1129381, at *1 (W.D. Tenn. 2006)* (finding that "Plaintiff lacks standing to pursue the claims in this lawsuit because claims that arise prior to or during a bankruptcy are property of the bankruptcy estate.  Because this action is a part of Plaintiff's bankruptcy estate, the bankruptcy trustee, not Plaintiff, has standing to bring the claim.").  The Court notes that the U.S. Bankruptcy Court for the Northern District of Ohio has already reopened Plaintiff Elkins Jr.'s bankruptcy case and his Trustee has listed this pending litigation as an unscheduled asset for his estate. [Bankruptcy Case No. 05-69543, Docs. 19, 24.] Plaintiff Elkins Jr. did not object to the reopening of the bankruptcy case.

This Court concludes therefore that the most equitable and fair result in this case is to allow the Trustee to proceed on behalf of Plaintiff Elkins Jr.'s estate rather than to dismiss all of his claims.[2/] *See Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir.1998)* (noting "[i]t is well settled that the right to pursue causes of action formerly belonging to the debtor - a form of property 'under the Bankruptcy Code'- vests in the trustee for the benefit of the estate") (internal quotation

---

[2/] The Barberton Defendants argue in their reply that Plaintiff Silagy was not timely added as a party to this case because she did not apply to the bankruptcy court for an order employing the Plaintiffs' counsel as special counsel until three days after this Court's deadline for amendment of pleadings. [Doc. 79 at 3-4.] The Court finds that, insofar as its own docket is concerned, Plaintiff Silagy was timely added and that any delay is excused by good cause due to the complicated nature of the judicial estoppel issue in this case.

Case No. 5:06-CV-3004
Gwin, J.

omitted); *Stinson v. New-Age Technologies, Inc.*, 2007 WL 3341726, at *1 (W.D. Ky. 2007) (finding that the "bankruptcy trustee has the exclusive right to pursue any of the debtor's claims that are property of the estate"); *Shaver v. Promerus*, 2007 WL 1176008, at *2 n.1 (N.D. Ohio 2007) (noting "Title 11 confers the right to bring an action on behalf of the debtor's estate solely with the bankruptcy trustee").

### *C. The Barberton Police Department*

The parties agree that the Barberton Police Department is not an entity capable of being sued. [Docs. 20, 38.]  Administrative units of a local government, such as a municipal police department, are not *sui juris* because they lack the power to sue, and cannot be sued absent positive statutory authority.  *See Papp v. Snyder*, 81 F.Supp.2d 852, 857 n.4 (N.D. Ohio 2000).  Since the Barberton Police Department is not *sui juris* and Ohio does not have a law allowing parties to sue city police departments directly, this Court dismisses all claims against Defendant Barberton Police Department.

### IV.  Conclusion

For the above reasons, the Court **GRANTS** in part and **DENIES** in part the Barberton Defendants' motion for judgment on the pleadings.  The Court orders the dismissal of all claims against Defendant Barberton Police Department.  The Court also dismisses without prejudice Defendants Berlin, Flaker, Macko, and Weese.  Plaintiff Elkins Jr. is barred from raising his claims in this lawsuit, but Plaintiff Silagy may prosecute Plaintiff Elkins Jr.'s claims on behalf of his Chapter 7 bankruptcy estate.  In all other respects, the Court denies the Barberton Defendants'

Case No. 5:06-CV-3004
Gwin, J.

motion for judgment on the pleadings.

      IT IS SO ORDERED.


Dated: March 5, 2008                                    s/        *James S. Gwin*
                                                             JAMES S. GWIN
                                                             UNITED STATES DISTRICT JUDGE